UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BRYANT,** ) | **CASE NO. 1:13 CV 1843** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **JUDGES OF** ) | |
| **THE OHIO SUPREME COURT,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff William Bryant filed the above-captioned action asking this Court to order the Ohio courts to entertain an untimely appeal of the denial of his third post conviction motion. He contends the trial court sent his copy of the order denying the motion to the wrong address, preventing him from appealing the judgment. He asks this Court to compel the Ohio Supreme Court to require the Ohio Seventh District Court of Appeals to allow him to file his appeal.

**I. BACKGROUND**

Plaintiff was convicted of murder in the Mahoning County Court of Common Pleas on May 21, 1999. *See State of Ohio v. Bryant*, No. 50 1998 CR 00089 (Mahoning Cty Ct. Comm.

Pl. Indictment filed Feb. 6, 1998). He appealed that verdict to the Ohio Seventh District Court of Appeals, who upheld his conviction on December 4, 2001. *See State of Ohio v. Bryant*, No. 99 CA 135, 2001 WL 1568878 (Ohio App. 7 Dist. Dec. 4, 2001).

Thereafter, Plaintiff filed his first post conviction Petition in the Mahoning County Court of Common Pleas on June 11, 2003. The court denied the Petition on February 25, 2004, and that decision was affirmed on appeal on September 26, 2005. He filed a "Motion to Correct Void Judgment and Re-Sentencing Pursuant to R.C. 2945.75(A)(2)" on November 17, 2009. The motion was construed by the trial court as a second post conviction Petition and was denied on December 17, 2009. The Court of Appeals affirmed the decision of the trial court on September 13, 2010.

Nearly two years later, Plaintiff filed a "Motion for Status Hearing on Verdict [Crim. R. 31(A)]" on May 29, 2012. The trial court denied that motion on June 4, 2012. The docket reflects that copies of that Order were issued to the parties on June 15, 2012. Plaintiff's copy was mailed to the Mahoning County Justice Center; however, he was incarcerated in the Richland Correctional Institution. He did not receive his copy of the Order and claims he was unaware that a decision had been made. He filed a Petition for a Writ of Mandamus with the Ohio Supreme Court asking that Court to order the trial court to rule on his motion.[1] The Ohio Supreme Court denied the writ after the trial court produced a copy of the signed Order.

Plaintiff has now filed this generic action asking this Court to order the state courts to entertain an untimely appeal of his motion. He claims "[t]his Court has inherent jurisdiction

---

[1] *See State of Ohio ex rel., William Bryant v. Durkin*, No. 13-0490 (Ohio S. Ct. Compl. filed Mar. 25, 2013). Ohio Supreme Court dockets and filings can be viewed at http://www.sconet.state.oh.us

over the instant action as this complaint involves a superior state court acting under the color of law." (ECF No. 1 at 2). He contends he has no adequate remedy in state court to pursue his state law claims and indicates his Complaint is properly before this Court. (ECF No. 1 at 2).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a

right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. LAW AND ANALYSIS

Plaintiff does not provide a legal basis upon which this federal court can exercise jurisdiction in this case and no basis for jurisdiction is apparent on the face of the Complaint. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists

between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship requires that all of the Defendants be residents of different states than that of the Plaintiff. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Plaintiff alleges he is a resident of the State of Ohio and the Defendants are Ohio Supreme Court Justices. Federal jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" the Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal question jurisdiction also reaches ostensible state law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case.

Although the Plaintiff claims he is seeking an injunction, the relief he requests is actually in the nature of mandamus. Congress, however, has empowered this Court with mandamus jurisdiction only with respect to officers or employees of the United States or United States agencies. 28 U.S.C. § 1361. It did not grant jurisdiction to federal courts to order a state court to hear an appeal. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). The Court therefore lacks subject-matter jurisdiction to grant Plaintiff's request.

It is also possible Plaintiff is attempting to pursue an action under 42 U.S.C. § 1983 because he contends he is seeking relief against a "state court acting under the color of law." (ECF No. 1 at 2). To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff, however, does not specify a constitutional right he believes to have been violated by the Ohio Supreme Court Justices. Therefore, even if this Court could grant the relief Plaintiff requested, he failed to state a claim to support a § 1983 action.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading

requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Because there is no apparent federal claim reasonably identified in the Complaint, Plaintiff fails to establish federal question jurisdiction over this case.

### III. CONCLUSION

Accordingly, this action is dismissed for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>
CHRISTOPHER A. BOYKO<br>
UNITED STATES DISTRICT JUDGE

DATED: January 14, 2014

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.